PER CURIAM.
Defendant was charged by bill of information with three counts of cruelty to the *608 infirm. LSA-R.S. 14:93.3. She was found guilty of all three counts after a trial by jury. The district court sentenced the defendant to three years hard labor on each count, all to be served concurrently. The court suspended the sentences and placed her on supervised probation for three years. Pratt’s probation included several conditions, the most significant of which was a sentence of nine months imprisonment in the Ouachita Parish Jail.[1] On appeal, the defendant challenges this sentence as excessive. Finding no merit to this sole assignment of error, we affirm.
On January 1,1989, while engaged in her duties as a nurse’s aide at Ridgecrest Nursing Home in West Monroe, the defendant physically assaulted three patients, repeatedly slapping and pinching them. At the time, the thre.e female victims were ages 70, 84, and 89. The attack on one of them left bruises on her face and the attack on another caused her face to turn red and swell. Defendant also placed her hands around one victim’s neck and began to choke her.
As a result of this incident, defendant was fired and her supervisor reported the episode to state authorities. Other employees of the nursing facility related that they had smelled the odor of alcoholic beverages on defendant’s breath the day of the incident.
The trial court’s compliance with LSA-C. Cr.P. Art. 894.1 is clear. In mitigation,[2] the court considered two letters which had been submitted by relatives of patients at the nursing home. The daughter of an elderly lady who was listed as a victim of a fourth count which was dismissed wrote a letter to the court stating that she found the defendant to be very compassionate and caring. The son-in-law of one victim in the instant charges also wrote a letter.
The court stated that under the circumstances it was puzzled by these letters. The court also considered the fact that the defendant did not have any previous arrests or convictions. The district court also considered, in substantial detail, the defendant’s family and educational background.
The court further considered the fact that defendant did not use controlled dangerous substances. Finally, the trial court considered that a nursing home is not a very easy place to work, and that it is sometimes difficult to resist the temptation to lash out at the patients.
On the other hand, the court found several aggravating factors. First, defendant denied the occurrences, although her co-employees testified without hesitation about what they witnessed and the jury did not hesitate to return guilty verdicts.
In reviewing the PSI, the court also noted that defendant had worked in the nursing home for 18 months, and there was some indication that she frequently used alcohol while on the job. She admitted to alcohol consumption, stating that she drank a fifth of gin weekly and a couple of beers per day.
Finally, the court concluded that although there were no lasting physical injuries to the victims, the offenses were serious in that they both threatened and caused serious harm. Defendant was an employee in a position where helpless people were dependent upon her to take care of them and there was no showing that defendant was provoked in her attack. The court also noted that she was in a position to know that it would cause serious harm.
The court stated that there was not enough information to determine whether the circumstances were likely to recur, but *609 found that the seriousness of the offense mandated a serious penalty. In imposing imprisonment as a condition of probation, the court noted that incarceration would not entail excessive hardship to the defendant or her dependents. The district court clearly complied with LSA-C.Cr.P. Art. 894.1.
Our review must also determine whether the sentence imposed is too severe given the circumstances of the ease and the background of the defendant. The penalty for cruelty to the infirm is a fine of not more than $10,000 or imprisonment with or without hard labor for not more than ten years, or both, LSA-R.S. 14:93.3. She received concurrent sentences of three years on each count, which were suspended in favor of three years probation. As one condition of probation, she was sentenced to nine months incarceration. Therefore, she received only a very small percentage of the total sentence to which she was exposed.
In light of defendant’s refusal to accept accountability for the offenses, her alcohol abuse, and the nature of the offenses, we do not find the trial court’s sentence, including the imposition of a nine-month sentence as a condition of probation, to be an abuse of discretion. Accordingly, it is affirmed.
AFFIRMED.

. Both briefs erroneously state that the sentence was for 90 days and defendant's assignment of error erroneously states that it was for one month.

. Defendant’s brief asserts that “[n]o factor in mitigation is actually considered in the Court's sentencing." This same defense counsel made essentially this same argument in State v. Brown, 557 So.2d 1172 (La.App. 2d Cir.1990); State v. Johnson, 559 So.2d 1009 (La.App.2d Cir.1990); State v. Sims, 567 So.2d 187 (La.App. 2d Cir.1990); and State v. Roper, 572 So.2d 1207 (La.App. 2d Cir.1990). As in those cases, this argument is contradicted by the record in the instant case. Defense counsel, E. Roland Charles, is once again cautioned not to make statements in brief which are patently erroneous.